UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MORGAN McCOMAS,<br><br>Defendant. | Case No. 4:20-cr-00033-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On May 1, 2020, Defendant John McComas filed his Motion to Suppress. Dkt. 19. On June 5, 2020, McComas filed his Memorandum in Support of Motion to Suppress. Dkt. 24. On July 9, 2020, the Government filed its Response to Defendant's Motion to Suppress. Dkt. 27. On July 20, 2020, McComas filed his Reply Memorandum in Support of Motion to Suppress. Dkt. 30. The evidentiary hearing on McComas' suppression motion was rescheduled several times due to various reasons. *See, e.g.,* Dkts. 33, 34.

On October 29, 2020, the Court convened for an evidentiary hearing on McComas' Motion to Suppress. Dkt. 19. At the start of the hearing, the Government argued that the Defendant in his reply brief made allegations that could be construed as a *Franks* motion under *Franks v. Delaware*, 438 U.S. 154 (1978). The Court then vacated the evidentiary hearing and ordered the parties to submit supplemental briefing. Dkt. 35. The parties have

submitted their supplemental briefing and the matter is now ripe for ruling. Dkts. 36, 38.

## II. LEGAL STANDARD

In *Franks v. Delaware*, 438 U.S. 154 (1978), the United States Supreme Court held that a search warrant is not valid if the police obtain it by deliberately or recklessly presenting false, material information to the issuing judge. The Fourth Amendment requires an evidentiary hearing on the veracity of a warrant affidavit—and ultimately on the constitutionality of the search—when a defendant requests such a hearing and "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." *Id*. at 155-56. *Franks* also applies to deliberately or recklessly deceptive omissions. *See, e.g., Shell v. United States*, 448 F.3d 951, 958 (7th Cir. 2006) (recognizing omission theory but finding no violation).

## III. DISCUSSION

In his supplemental briefing, McComas contends that he did not make a *Franks'* Motion and that "the Government relied on language in the second sentence of the last paragraph on page 8 of McComas' Reply Memorandum in Support of Motion to Suppress for its assertion that McComas' Motion to Suppress is a *Franks*' Motion." Dkt. 36, at 2. Upon further review of McComas' Reply Memorandum (Dkt. 30), however, the Court notes there are more references made (rather than just the one), to Detective Lenz' failure to adequately or accurately inform Judge Savage of certain information in the probable

cause affidavit.[1] Critically, McComas summary is that Detective Lenz presented "a number of flawed representations" to Judge Savage. Dkt. 30, at 7. These statements alone cause the Court concern that McComas is, in fact, making a preliminary *Franks* motion.

In his supplemental briefing, however, McComas seems to abandon his argument that Detective Lenz failed to accurately inform Judge Savage. *See generally* Dkt. 36. Instead, he "clarifies" that Detective Lenz' omissions go the sufficiency of the information provided and not to the veracity of the information. *Id*. at 3-4.

To some degree, however, this is an argument of semantics. McComas repeatedly claims this is not a *Franks* motion because he is not challenging the "veracity" of the information, only the "sufficiency" and that all he is asserting is that Detective Lenz's omissions call into question the sufficiency of the affidavit and subsequent warrant. The Court understands the difference between these two concepts[2]; however, the bottom line is McComas is, nonetheless, challenging the sufficiency of the affidavit. In other words, "veracity" and "sufficiency" are but different sides of the same coin, at least when the sufficiency argument is based on the idea that information has been withheld. The Ninth Circuit has clearly held that "deliberate or reckless omissions of facts that tend to mislead" are grounds for a *Franks* hearing. *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir.

---

[1] For example, McComas states "Detective Lenz failed to provide truly accurate information in a number of respects which caused Judge Savage to detrimentally rely upon the information contained in Detective Lenz's Affidavit of Probable Cause . . . " (Dkt. 30, at 5); that "Detective Lenz went on to identify an anonymous Crime Stopper tip but failed to adequately or accurately inform Judge Savage of the content of the Crime Stopper tip" (*id*. at 6); and that "Detective Lenz again failed to adequately and accurately describe the events related to the April 13, 2019 incident" (*id*.).

[2] One argues that the information is not true and the other argues the information is insufficient.

MEMORANDUM DECISION AND ORDER - 3

1985). So while he may not be challenging affirmative statements (only omissions) or claiming they were deliberately false (only "flaws"), his arguments still fall under the *Franks* umbrella.[3]

It seems clear that McComas did not intend his suppression hearing to be a *Franks* hearing. That said, his arguments regarding Detective Lenz are *Franks* arguments. Accordingly, the choice is McComas's to make. He may challenge the affidavit and warrant, but he must do so in the correct manner and allow the Government an opportunity to respond.

In short, McComas can either forgo these arguments and focus on his other grounds for suppression or he can follow the correct procedures for a *Franks* hearing to challenge the sufficiency, veracity, and/or accuracy of Lenz's affidavit.[4]

In order to obtain a *Franks* hearing, the defendant's motion must meet five requirements:

> (1) [T]he defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed

---

[3] To be sure, McComas never uses the word "reckless," "deliberate," of "false" in his accusations against Detective Lenz. He most frequently uses the word "flawed" or the phrase "failed to adequately and accurately inform." But again, nuances aside, this issue at its base is a challenge to the validity of the affidavit—which is *Franks* material. There *might* be a way to delicately address these topics without undertaking a *Franks* hearing, but looking at what McComas is alleging here in his briefing, that seems hard to do. In an abundance of caution, the Court believes the process outlined in *Franks* should be followed when any challenge—as to representation or omission—is levied against the efficacy and validity of a warrant's underlying affidavit.

[4] McComas also claims that he is willing to modify any "confusing" language "to the effect [that] Detective Lenz fail[ed] to provide Judge Savage with all of the information [at] his disposal and within his knowledge." Dkt. 36, at 5. Again, however, even with such modified language, the instant McComas starts arguing what Detective Lenz did or did not say—and whether such was truthful, complete, accurate, or sufficient—he has crossed the line into *Franks* territory. Again, all things considered, McComas needs to either own up to these arguments and follow the correct procedure, or abandon them.

MEMORANDUM DECISION AND ORDER - 4

offer of proof, including affidavits, must accompany the allegations, (4) the veracity of only the affiant must be challenged; and (5) the challenged statements must be necessary to find probable cause.

*United States v. Dicesare*, 765 F.2d 890, 894–95 (9th Cir. 1985). McComas shall file a notice within fourteen (14) days of the date of this order indicating how he intends to proceed. Depending on that notice, the Court will either set deadlines for addition briefing to address the *Franks* topics, or set a hearing date for the Motion to Suppress.

### IV. ORDER

IT IS HEREBY ORDERED that:

1. The evidentiary hearing shall not be reset at this time. Once the Court receives McComas' notice, it will issue an order outlining how the matter will proceed.

DATED: January 26, 2021

_____
David C. Nye
Chief U.S. District Court Judge